```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
------------------------------------X

ALVARADO M. CRUZ,

              Plaintiff,

- against -

GLENFORD BROOKS, JACQUELINE BROOKS,

              Defendants.

------------------------------------X

**MEMORANDUM & ORDER**

No. 23-cv-02248(KAM)(JRC)

**KIYO A. MATSUMOTO, United States District Judge:**

      Plaintiff Alvarado M. Cruz[1] brings this action against Defendants Glenford Brooks, Jacqueline Brooks, and John Doe, raising common law claims of premises liability and negligence. (ECF No. 1, Compl.) Plaintiff now moves the Court to enter a default judgment against Glenford Brooks and Jacqueline Brooks for failing to timely answer or otherwise respond to the Complaint and to grant an inquest on damages. (ECF No. 19, Default J. Mot.) For the reasons below, the Court denies the motion without prejudice.

---

[1] The Court notes that the Complaint states the Plaintiff's name as "Cruz M. Alvarado." (*See generally* ECF No. 1, Compl.) However, Plaintiff's later filings in this case refer to Plaintiff as Alvarado M. Cruz.

**Background**

**I. Factual Background**

Plaintiff brings this Complaint after she was injured when falling down outdoor basement stairs with allegedly defective railings. (ECF No. 1, Compl. ¶¶ 10, 14.) Plaintiff alleges that a dog, belonging to the house's tenant[2], "jump[ed] and/or knock[ed] into her," and defective railings failed to help Plaintiff maintain her balance, causing her to fall down the stairs and sustain "severe and multiple and permanent injuries." (*Id.* ¶ 14.)

Plaintiff alleges that Defendants Glenford and Jacqueline Brooks owned, operated, managed, and maintained the property where Plaintiff was injured, *id.* ¶¶ 6-9; that they also "owned, kept and/or harbored" the dog that jumped or knocked into Plaintiff, *id.* ¶ 24; and that Defendants also "knew [the dog] was owned by Defendant John Doe and knew or should have known [it] had prior vicious propensities for jumping on people, knocking into people and running, wild," *id.* In sum, Plaintiff alleges that Glenford and Jacqueline Brooks disregarded their duties to keep the stairs and railings safe, *id.* ¶¶ 10-11, and that they negligently failed to properly restrain or prevent the dog from coming into contact with Plaintiff, *id.* ¶¶, 24, 27.

---

[2] The Complaint also names the tenant, an unidentified John Doe, as a third defendant. (*See* ECF No. 1, Compl. ¶ 23.) However, Plaintiff only moves for default judgment as to the identified Defendants, Glenford Brooks and Jacqueline Brooks.

2

**II. Procedural Background**

Plaintiff filed her Complaint on March 23, 2023. (ECF No. 1, Compl.) On April 3, 2023, summonses issued as to Glenford Brooks and Jacqueline Brooks. On July 11, 2023, Plaintiff filed an affidavit of service for Jacqueline Brooks, noting that on May 30, 2023, a process server affixed a copy of the Summons and Complaint to Ms. Brooks' door. (ECF No. 5, J. Brooks Aff. of Serv.) On July 19, 2023, Plaintiff requested an extension to serve Mr. Brooks, who was allegedly incarcerated. (ECF No. 8, July 19 Ltr.) In a July 24, 2023 Order, Magistrate Judge Cho extended Plaintiff's deadline to serve both Mr. and Ms. Brooks, noting that the "Court observes that based on the affidavit of service filed on the docket" that "service on defendant Jacqueline Brooks was not completed by mailing her copies of the summons and complaint within 20 days of affixing process, as required by N.Y. C.P.L.R. section 308(4)."

On July 25, 2023, Plaintiff filed an affidavit stating that on June 1, 2023, Plaintiff had mailed a copy of the Summons and Complaint by First Class mail to Ms. Brooks at the same address where the process server had previously affixed a copy of the Summons and Complaint. (ECF No. 9, Aff. of Mail.) On August 4, 2023, Plaintiff filed an affidavit of service as to Mr. Brooks, who had been personally served at Greene Correctional Facility in

3

Coxsackie, New York, on July 31, 2023. (ECF No. 10, G. Brooks Aff. of Serv.)

On November 21, 2023, Plaintiff requested that the Clerk enter default as to Mr. and Ms. Brooks. (ECF No. 15, First Request for Cert. of Def.) On December 1, 2023, the Clerk of Court denied the request and asked Plaintiff to refile. On December 4, 2023, Plaintiff refiled the requests for entry of default as to Mr. and Ms. Brooks. (ECF No. 16, Second Request for Cert. of Def.) On December 5, 2023, the Clerk of Court entered the parties' default. (ECF No. 17, Entry of Def.) On December 12, 2023, Plaintiff filed a motion requesting the Court to enter a default judgment as to Mr. and Ms. Brooks and requesting an inquest on damages. (ECF No. 19, Default J. Mot.)

## Legal Standard

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55 governs the two-step process by which a plaintiff may obtain a default judgment against a defendant. First, when the defendant has been served with process but fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk of court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court to enter a default judgment against the defendant. Fed. R. Civ. P. 55(b). "Before entering a default judgment, the court must ensure that (1) jurisdictional

4

requirements are satisfied, (2) the plaintiff took all required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations establish the defendant's liability as a matter of law." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474 (KAM) (ST), 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024).

## Discussion

**I. Personal Jurisdiction**

"It is axiomatic that to obtain a default judgment against a defendant, the pleading must have been properly served upon him." *Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 460 (E.D.N.Y. 2022) "'[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.'" *Joe Hand Promotions, Inc. v. Necessary Studios, Inc.*, No. 21-CV-5551 (LDH) (RER), 2022 WL 18858972, at *2 (E.D.N.Y. Dec. 5, 2022) (quoting *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)). Therefore, "'[i]neffective service-of-process is a ground to deny a motion for default judgment.'" *Id.* at *3 (quoting *Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-1788 (MKB) (RML), 2016 WL 6599826, at *3 n.10 (E.D.N.Y. Nov. 7, 2016)).

Rule 4 of the Fed. R. Civ. P. permits a plaintiff to serve an individual named as a defendant in federal court either by

5

"following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C); *see also Freedom Mortg. Corp.*, 628 F. Supp. 3d at 461.

Here, Plaintiff's affidavit of service as to Ms. Brooks notes that a process server "affix[ed] a true copy of [the Summons and Complaint] to the door of said premises which is subjects [sic] dwelling house (usual place of abode) within the state," and then Plaintiff mailed the Summons and Complaint to Ms. Brooks at the same address. (ECF No. 19-4, J. Brooks Aff. of Serv., at 3-4.) Because this method of service does not satisfy any of the subparts of Fed. R. Civ. P. 4(e)(2), for sufficient service, it must comply with applicable state law. *See* Fed. R. Civ. P. 4(e)(1).

The applicable state law to serve an individual in New York is C.P.L.R. § 308. "When a plaintiff cannot, with due diligence, effect service personally or via the two-step 'deliver and mail' process, 'nail and mail' service may also [be] permissible" under

6

§ 308(4). *Futia v. Roberts*, No. 23 CV 1774 (VB), 2023 WL 8237246, at *7 (S.D.N.Y. Nov. 28, 2023). Section 308(4) requires the process server to "affix the summons and complaint to the door of either the defendant's actual place of business, dwelling, or usual place of abode," and then to "first class mail the summons and complaint to the defendant's residence or place of business." *Freeman v. Tuan Anh Nguyen*, 2014 WL 4628766, at *4 (E.D.N.Y. May 20, 2014). Finally, "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later[.]" C.P.L.R. § 308(4).

Here, Plaintiff's affidavit of service states that the process server affixed the Summons and Complaint to the door of Ms. Brooks' "dwelling house (usual place of abode) within the state" on May 30, 2023. (ECF No. 19-4, J. Brooks Aff. of Service, at 3.) Therefore, Plaintiff cannot satisfy § 308(1)-(3); only § 308(4) is available to Plaintiff. Plaintiff's affidavit of mailing then states that the process server mailed the Summons and Complaint to Ms. Brooks via First Class mail on June 1, 2023. (*Id.* at 4.) However, Plaintiff failed to file proof of such service with the clerk of the court within twenty days of such affixing or mailing, as § 308(4) requires. Plaintiff filed the proof of such mailing on July 25, 2023–well more than twenty days after June 1, 2023. (*See* ECF No. 9, Aff. of Mail.) Therefore, Plaintiff's service

7

of Ms. Brooks' is insufficient, and this Court cannot grant a motion for default judgment as to Ms. Brooks. *See Joe Hand Promotions, Inc.*, No. 21-CV-5551 (LDH) (RER), 2022 WL 18858972, at *3.

**II. Servicemembers Civil Relief Act**

Section 3931 of the Servicemembers Civil Relief Act ("the Act") restricts default judgments against individuals in active military service. 50 U.S.C. § 3931. The Act protects persons in active military service by requiring that a "court, before entering [a default] judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" "(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1)(A)-(B); *see also Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) (noting that "[t]he purpose of the Act is to provide for the temporary suspension of judicial and other proceedings that may adversely affect the rights of servicemembers during their military service").

The required affidavit stating whether or not the defendant is in military service "must provide the specific facts necessary

8

to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'" *Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1; *see also Gustavia Home, LLC v. Derby*, 16-CV-4260 (ENV), 2017 WL 9989600, at *2 (E.D.N.Y. May 16, 2017) (denying default judgment where plaintiff did not provide "any documentation to support its claim that [the defendant] is not in the military, nor do its motion papers offer any hint that it undertook an investigation into his military status"); *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." (quoting *Apex Mar. Co., Inc. v. Furniture, Inc.*, No. 11-CV-5365 (ENV)(RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012))). "The court lacks the power to excuse compliance with the statute." *Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1.

Here, the Affirmation of John Riso, Esq., a counsel to Plaintiff, in support of her request for a certificate of default as to Mr. and Ms. Brooks, fails to comply with the Act. (*See* ECF No. 16-1, Request for Cet. Of Def.) Mr. Riso's affidavit states, in relevant part, only that "Defendants, JACQUELINE BROOKS and GLENFORD BROOKS, are not an infant or incompetent, Defendants,

9

JACQUELINE BROOKS and GLENFORD BROOKS, are not presently in the military service of the United States as appears from fact in this litigation." (*Id.* ¶ 5.) Without more, this statement is insufficient because it fails to "provide the specific facts necessary to support the conclusion stated" and is improperly based on "conclusory statements or on 'information and belief[.]'" *Uribe*, No. 17-CV-5155 (RRM)(RER), 2018 WL 4861377, at *1; *see also Gustavia Home, LLC*, 16-CV-4260 (ENV), 2017 WL 9989600, at *2. The statutory requirement is not a heavy burden; indeed, "[c]ertification, as to SCRA, of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website[.]" *Gustavia Home, LLC*, No. 16-CV-4260 (ENV), 2017 WL 9989600, at *1.

Accordingly, failure to comply with the Act requires this Court to deny Plaintiff's motion for default judgment. *See Pruco Life Ins. Co. of New Jersey*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (denying default motion in part "for failure to provide a nonmilitary affidavit based on an investigation performed after the claimed default"); *see also Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 ("The court lacks the power to excuse compliance with the [Act].").

**III. Procedural Requirements**

10

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Century Surety Co. v. Atweek, Inc.,* 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018). Here, Plaintiff's motion for default judgment suffers from various procedural deficits, thus requiring this Court to deny the motion independent of the Court's aforementioned reasons.

A. Failure to Comply With Local Civil Rule 55.2

Local Civil Rule 55.2(c)[3] requires that all materials submitted in connection with a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought[.]" Loc. Civ. R. 55.2(c). The materials that must be served on the defaulting party include the motion and any supporting memoranda or declarations, and also copies of (1) the Clerk's certificate of default, (2) the claim to which no response has been made, and (3) a proposed form of default judgment. Loc. Civ. R. 55.2(b)-(c). "Proof of such mailing shall be filed with the court." Loc. Civ. R. 55.2(c).

"[F]ailure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment. Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict

---

[3] This Order applies the Local Civil Rules of the Eastern District of New York as stated prior to changes to the relevant local rules effective July 1, 2024.

11

procedural compliance is lacking." *United States v. Hamilton*, 18-CV-2011 (ADS)(SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) (quotations and citation omitted), report and recommendation adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019); *see also, e.g., Santacruz v. Blok Chocolatier LLC,* 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment."), report and recommendation adopted, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021).

Here, Plaintiff failed to serve all the documents required under Local Rule 55.2(b) and 55.2(c) on the Defendants. Plaintiff's affidavit of service of the required mailings under Local Civil Rule 55.2(c), ECF No. 19-7, states that Plaintiff mailed the motion for default judgment and the affirmation in support of the motion on Defendants. Compliance with Local Rule 55.2(c) required Plaintiff to have, *inter alia*, also mailed the Clerk's certificate of default, a copy of the claim to which no response has been made, the proposed form of default judgment, and any other "papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)[.]" Loc. Civ. R. 55.2(c). Plaintiff's failure to comply with Local Rule 55.2(c) warrants denial of her motion for default judgment. *See Hamilton*, 18-CV-2011 (ADS)(SIL), 2019 WL 6830318, at *2.

B. Failure to Comply With Local Civil Rule 7.1

Local Rule 7.1(a)(2) requires that except for letter motions, or otherwise permitted by the court, "all motions shall include…(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.]" Loc. Civ. R. 7.1(a)(2).

Here, Plaintiff's motion for default judgment fails to include a memorandum of law. (*See generally* ECF No. 19, Default J. Mot.) The Court cannot grant a motion for default judgment where Plaintiff has failed to adhere to "all of the applicable procedural rules." *Century Surety Co.,* 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1; *see also Guerra v. Steelstone Grp., LLC*, No. 22-CV-7191 (KAM) (SJB), 2024 WL 2319685, at *8 (E.D.N.Y. May 22, 2024) (describing a motion as "defective" in part for "fail[ing] to include a Memorandum of Law, as required by Local Rule 7.1(a)(2)").

**III. Plaintiff's Request for an Inquest on Damages**

Federal Rule of Civil Procedure 55(b)(2) permits a court to conduct a hearing to determine damages in context of a motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2); *see also Ling Chen v. Asian Terrace Rest., Inc.*, 507 F. Supp. 3d 430, 433 (E.D.N.Y. 2020) (noting that on a motion for default judgment, "[t]o determine damages, the court may conduct an inquest"). Because the

13

Court denies the motion for default judgment, Plaintiff's request for an inquest is moot.

## Conclusion

For the reasons above, Plaintiff's Motion for Default Judgment and request for a damages inquest is respectfully DENIED without prejudice. Plaintiff may attempt to re-serve Jacqueline Brooks with process by July 19, 2024. Plaintiff may also refile the motion for default judgment as to Glenford Brooks by August 2, 2024. Plaintiff is reminded to comply with relevant local civil rules. Plaintiff is also ORDERED to serve a copy of this Memorandum and Order on Mr. and Ms. Brooks and note service on the docket by July 12, 2024.

**SO ORDERED.**

Dated:   July 8, 2024
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York